**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHAUN GWALTNEY,<br><br>*Defendant.* | Crim. Action No.: 3:17-cr-00381 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

This matter comes before the Court on Defendant Shaun Gwaltney's ("Defendant" or "Gwaltney") motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 29). Gwaltney, a prisoner serving a term of 72 months' imprisonment at FCI Fairton, is seeking compassionate release on the grounds that his medical conditions (severe obesity, diabetes, and high cholesterol) put him at high risk for severe illness and/or death if he were to contract coronavirus ("COVID-19"). The Court heard oral argument on August 5, 2020. For the reasons stated below, Gwaltney's motion is denied.

### I.

Gwaltney is a thirty-five-year-old inmate at FCI Fairton in New Jersey. After being arrested by state authorities on February 25, 2017, Gwaltney was arrested on May 30, 2017 on the federal charge of being a felon in the possession of a firearm. (Moving Br. at 2, ECF No. 29-1). Gwaltney pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*See* Application for Permission to Enter Plea of Guilty, ECF No. 18). On January 11, 2018, this Court sentenced Gwaltney to a term of 72 months' imprisonment and a term of 3 years' supervised release. (*See* Judgment, ECF No. 26).

The government concedes that Gwaltney's obesity, high cholesterol and Type 2 Diabetes Mellitus constitute extraordinary and compelling reasons warranting his release from custody in light of COVID-19, though his conditions are being managed by medication (atorvastatin and metformin).

At the time that this motion was filed on June 12, 2020, Gwaltney had served approximately twenty months of his sentence, and his projected release date is late January 2023.

The incidence rate of COVID-19 at Fairton fluctuates. In early May 2020, it increased from one staff member to sixteen inmates and three staff personnel within two weeks (ECF 29 at 70). By mid-June 2020, the rate of incidence climbed:

Active Cases:   8 out of a population of 978 inmates

Recovered:     97 inmates and 7 staff (104)

Deaths:        0

(ECF No. 31 at 104). As of September 16, 2020, the incidence of COVID-19 at Fairton has remained about the same:

Active Cases:   7 (4 inmates, 3 staff)

Recovered:     99 inmates and 7 staff (106)

Deaths:        0

*COVID-19 Coronavirus*, Fed. Bureau of Prisons, www.bop.gov/coronavirus (last visited September 16, 2020).

The living conditions at Fairton during the pandemic are mediocre. According to Gwaltney, he co-habitats with two other inmates in a single cell with one sink and toilet. In addition, social distancing is not maintained. (ECF No. 29-1 at 71).

In his present motion, Gwaltney seeks to modify his sentence to time served, or to modify the unserved portion of his sentence to supervised release with additional conditions such as home confinement, in light of his high-risk status. Gwaltney avers that such relief may be provided under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).

## II.

Ordinarily, a district court has limited authority to modify a previously imposed sentence. *Dillon v. United States*, 560 U.S. 817, 825 (2010). Recently, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) and broadened that authority by allowing inmates to move the Court for a reduction in sentence for extraordinary and compelling reasons after exhausting the administrative remedies. S*ee United States v. Alexander*, No. CV 19-32 (FLW), 2020 WL 2507778, at *5 (D.N.J. May 15, 2020).[1] That provision is known as the compassionate release statute.

Under the First Step Act, if a motion is timely filed by the defendant, then a court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." 18 U.S.C. § 3582(c)(1)(A). To do so, the Court must find (1) that there are "extraordinary and compelling reasons" that warrant a reduction; (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission" as well as the Court's independent assessment; and (3) it considers the sentencing factors set forth in § 3553(a), as applicable. *United States v. Brown*, No. CR 07-19 (RBK), 2020 WL 2466081, at *2 (D.N.J. May 13, 2020) (citation omitted). Accordingly, a defendant seeking a reduction in his sentence under the First Step Act "bears the burden" of proving that extraordinary and compelling

---

[1] Because the parties agree that Gwaltney exhausted his administrative remedies, it is not discussed herein.

3

reasons exist to justify compassionate release. *United States v. Sellers*, No. CR 10-434 (RMB), 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

### III.

Congress did not define the term "compelling and extraordinary reasons" within the First Step Act, but, instead, directed the U.S. Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Although the Sentencing Commission has not updated its Policy Statement since the passage of the First Step Act in 2018, the present Policy Statement provides useful guidance for district courts in identifying extraordinary and compelling reasons for a defendant's eligibility for compassionate release. *See Alexander*, 2020 WL 2507778, at *3; *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *4 (E.D. Pa. Apr. 1, 2020); *see also* U.S. Sentencing Guidelines Manual ("U.S.S.G."), § 1B1.3 cmt. n.1 (U.S. Sent'g Comm'n 2018).

The Sentencing Commission's Policy Statement provides that a defendant may demonstrate extraordinary and compelling reasons for compassionate release based on: (1) the medical condition of the defendant; (2) the age of the defendant; (3) the defendant's family circumstances; or (4) for "other reasons." U.S.S.G. § 1B1.13 cmt. n.1. Pertinent to the present motion, a defendant may show extraordinary and compelling reasons for release based on his medical conditions where:

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory) . . ; [or]

(ii) The defendant is: (I) suffering from a serious physical or medical condition; (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that

4

> substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* cmt. n.1(A). A defendant must generally demonstrate that his medical conditions fall into one of those categories in order "to carry his burden for proving he merits compassionate release." *See United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (collecting cases).

According to the Third Circuit, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, "the Court must conduct a highly individualized inquiry of this Defendant to determine whether COVID-19 in conjunction with his alleged underlying medical conditions constitutes an extraordinary and compelling reason for release." *United States v. Catanzarite*, No. CR 18-0362 (ES), 2020 WL 2786927, at *3 (D.N.J. May 29, 2020)

Here, as mentioned above, the Government concedes that Gwaltney suffers from severe obesity, high cholesterol, and Type 2 diabetes mellitus[2] which place him at a greater risk of complication from COVID-19; and the conditions of sharing facilities at Fairton may be aggravating that risk. As such, Gwaltney has met his burden under the First Step Act to warrant his release.

---

[2] According to CDC guidelines, people of any age who suffer from obesity and/or Type 2 diabetes mellitus are at increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 6, 2020).

The Court's analysis does not stop there. In addition, the Court must also determine whether Gwaltney's motion for compassionate release may be appropriately granted in consideration of the sentencing factors set forth under 18 U.S.C. § 3553(a). *See generally United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020); *see also United States v. Miranda*, No. 3:16-CR-128-(VAB)-1, 2020 WL 2124604, at *4 (D. Conn. May 5, 2020).

Gwaltney amassed fourteen criminal history points (criminal history category VI) based on four prior felony drug convictions, and he acknowledged that he was, at one time, a member of the Bloods Street Gang Piru set (Presentence Report, ¶ 60). At the time of sentencing, the Court had varied down from 77-96 range to 72 months (six years) in order to recognize his personal achievements; however, Gwaltney's long string of criminal conduct requires specific deterrence. In addition, this substantial sentence acts as general deterrence to felons and gang members from possessing a firearm.

As such, the sentencing factors weigh against compassionate release due to the nature of Gwaltney's criminal history. Although he espouses that he has been rehabilitated through his relationship with his daughter and his prior employer's job offer, specific and general deterrence is mandated due to his criminal history.

## ORDER

**THIS MATTER** having come before the Court on Defendant Shaun Gwaltney's ("Defendant") Motion for Compassionate Release, (ECF No. 29); and the Court having considered the submissions of the parties, and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 6th day of October, 2020,

**ORDERED** that Defendant's motion for compassionate release, (ECF No. 29), is denied.

_____
PETER G. SHERIDAN, U.S.D.J.